**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARISH CHANDER, | No. 09-70981 |
| Petitioner, | Agency No. A097-604-880 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Harish Chander, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that the Singh brothers did not harm Chander on account of his imputed or actual political opinion, ethnicity, or religion, nor was Chander detained on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010) (harassment was motivated by personal reasons and was not on account of a protected ground). In addition, the record does not compel the conclusion that Chander has a well-founded fear of future persecution because he failed to demonstrate that it would be unreasonable for him to relocate. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004) (in the absence of past persecution, the burden is on the petitioner to show that relocation would be unreasonable). Accordingly, Chander's asylum claim fails.

Because Chander failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the BIA's denial of CAT relief because Chander failed to establish it is more likely than not that he will be

tortured if returned to India . *See Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir. 2003) (to be eligible for CAT relief, the petitioner must show he cannot relocate within his country).

    **PETITION FOR REVIEW DENIED.**